**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOAQUIN MENDOZA GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 24-2775

Agency No.
A046-297-466

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024[**]

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Joaquin Mendoza Guzman, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Because Mendoza Guzman does not challenge the BIA's decision that he waived review of the IJ's determinations that he was ineligible for cancellation of removal, asylum, and withholding of removal based on his aggravated felony conviction, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's denial of CAT protection because Mendoza Guzman failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent that Mendoza Guzman claims that the agency violated his constitutional rights, including his right to due process, we reject these contentions as unsupported by the record. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**